IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, a California non-profit corporation; SEQUOIA FORESTKEEPER, a California non-profit corporation; HEARTWOOD, an Indiana non-profit corporation; CENTER FOR BIOLOGICAL DIVERSITY, a New Mexico non-profit corporation, and SIERRA CLUB, a California non-profit corporation,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>NANCY RUTHENBECK, in her capacity as District Ranger, Hot Springs Ranger District, Sequoia National Forest; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; ANN VENEMAN, in her official capacity as Secretary of Agriculture; DALE BOSWORTH, in his official capacity as Chief of the U.S. Forest Service,<br><br>                    Defendants. | Case No. CIV F-03-6386 JKS<br><br>O R D E R |

   Two motions are before the Court at this time.  First, Defendants have moved for stay pending appeal.  Docket No. 94.  Plaintiffs oppose the motion for stay and move for clarification. Docket No. 95.  The motion for clarification will be addressed first.

1

## DISCUSSION

I.  **Plaintiffs' Motion for Clarification**

Plaintiffs' seek to clarify what Forest Service decisions are categorically excluded decisions subject to notice, comment, and appeal. The Court offers the following clarification. "The effect of invalidating an agency rule is to reinstate the rule previously in force." *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005) (quoting *Action on Smoking & Health v. Civil Aeronautics Bd.*, 713 F.2d 795, 797 (D.C. Cir. 1983). This is true where, as here, invalidated regulations are severed, while other valid regulations remain in place.

Here the Court severed certain regulations from the 2003 regulations. The Court intended that the regulations replaced by the now-severed 2003 regulations be reinstated. The relevant rules previously in force are the 1993 rule, and the 2000 supplemental rules. Under the 1993 rule, categorically excluded timber sales are subject to notice, comment, and appeal. 58 Fed. Reg. 58,904 (Nov. 4, 1993). The other categorically excluded activities subject to notice, comment, and appeal under these rules are:

> (1) Projects involving the use of prescribed burning;
> (2) Projects involving the creation or maintenance of wildlife openings;
> (3) The designation of travel routes for off-highway vehicle (OHV) use which is not conducted through the travel management planning process as part of the forest planning process;
> (4) The construction of new OHV routes and facilities intended to support OHV use;
> (5) The upgrading, widening, or modification of OHV routes to increase either the levels or types of use by OHVs (but not projects performed for the maintenance of existing routes);
> (6) The issuance or reissuance of special use permits for OHV activities conducted on areas, trails, or roads that are not designated for such activities;
> (7) Projects in which the cutting of trees for thinning or wildlife purposes occurs over an area greater than 5 contiguous acres;
> (8) Gathering geophysical data using shorthole, vibroseis, or surface charge;
> (9) Trenching to obtain evidence of mineralization;
> (10) Clearing vegetation for sight paths from areas used for mineral, energy, or geophysical investigation or support facilities for such activities.

65 Fed. Reg. 61,302 (Oct. 17, 2000). Thus, the Forest Service need not suspend actions not contemplated in the old rules, such as "[a]pproval, modification, or continuation of minor, short-term (one year or less) special uses of National Forest System lands, such as for state-licensed outfitters or guides, or approving gathering forest products for personal use." Docket No. 94 (Second Decl. of Manning at 6).

ORDER

**II.    Defendants' Motion for Stay**

The Forest Service moves for stay pending appeal. The standard for a stay pending appeal is similar to the test for the issuance of preliminary injunctions. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). The test is a continuum, requiring the movant to show at one end, "both a probability of success on the merits and the possibility of irreparable injury," and at the other end, "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id*. (citations omitted).

While the Forest Service has not shown a probability of success on the merits, it has raised significant issues, albeit in part due to misunderstanding the impact of the Court's orders. Much of the Forest Service's argument in favor of stay is based on irreparable harm flowing from proceeding without any rule framework in place. Given the above clarification, the majority of the harms identified will likely abate. In order to assist the Court in carefully balancing the hardships involved in light of the clarification, further briefing is necessary.

**IT IS THEREFORE ORDERED:**

Plaintiffs' motion for clarification at **Docket No. 95** is **GRANTED**. The Court will defer ruling on the Forest Service's motion for stay pending appeal until both parties have an opportunity to file further briefing regarding the relative hardships involved in light of the Court's clarification. The Forest Service's brief shall be filed **on or before November 10, 2005**. Plaintiffs may reply **on or before November 23, 2005**.

Dated at Anchorage, Alaska, this  19  day of October 2005.

/s/ James K. Singleton
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

C:\WINDOWS\Temp\notes4BF954\F-03-6386.004.wpd

3