IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, a California non-profit corporation; SEQUOIA FORESTKEEPER, a California non-profit corporation; HEARTWOOD, an Indiana non-profit corporation; CENTER FOR BIOLOGICAL DIVERSITY, a New Mexico non-profit corporation, and SIERRA CLUB, a California non-profit corporation, | Case No. CIV F-03-6386 JKS <br><br> O R D E R |
| Plaintiffs, | |
| vs. | |
| NANCY RUTHENBECK, in her capacity as District Ranger, Hot Springs Ranger District, Sequoia National Forest; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; ANN VENEMAN, in her official capacity as Secretary of Agriculture; DALE BOSWORTH, in his official capacity as Chief of the U.S. Forest Service, | |
| Defendants. | |

Before the Court is Defendants' motion for stay pending appeal. Docket No. 94. Plaintiffs opposed the motion for stay and moved for clarification. Docket No. 95. The Court granted the motion for clarification and, in light of the clarification, requested further briefing regarding the hardships necessitating a stay pending appeal. Docket No. 98. The parties have filed the requested briefing and the matter is ripe for decision. Docket Nos. 100; 106.

1

**DISCUSSION**

The standard for a stay pending appeal is similar to the test for the issuance of preliminary injunctions. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). The test is a continuum, requiring the movant to show at one end, "both a probability of success on the merits and the possibility of irreparable injury," and at the other end, "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id*. (citations omitted). Under any formulation of the test, the movant "must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune Inc. v. Chronicle Publ'n Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). The Court has already determined that the Forest Service has not shown a probability of success on the merits but has raised substantial issues. Docket No. 98 at 3. The Forest Service must therefore demonstrate that the hardships it will face significantly outweigh the hardships Plaintiffs will suffer if stay is granted. *See Idaho Sporting Congress, Inc. v. Alexander*, 222 F.3d 562, 565 (9th Cir. 2000) ("'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" (quoting *Oakland Tribune Inc.*, 762 F.2d at 1376)).

**I.      Injury to the Forest Service**

In support of its argument that it will suffer irreparable injury in the absence of a stay pending appeal the Forest Service describes several potential harms. With the re-implementation of the 1993 rule and the 2000 supplemental rule, categorical exclusion categories enacted since that time are, according to the Forest Service, in "regulatory limbo." Docket No. 100 at 2. These categories include such activities as prescribed burning, logging to reduce the risk of wildfire, and salvage logging of burned timber. According to the Forest Service, these projects are of critical importance to the safety of communities and the health of forests. The Forest Service is concerned that delaying projects aimed at reducing the risk of wildfires by subjecting them to notice, comment, and appeal procedures will imperil forests and nearby communities.

The Appeals Reform Act ("ARA") includes an automatic stay provision, which states:

(e) Stay.—Unless the Chief of the Forest Service determines that an emergency situation exists with respect to a decision of the Forest Service, implementation of the decision shall be stayed during the period beginning on the date of the decision—

ORDER

> (1) for 45 days, if an appeal is not filed, or
> (2) for an additional 15 days after the date of the disposition of an appeal under this section, if the agency action is deemed final under subsection (d)(4).

Pub. L. No. 102-381, Tit. III § 332(a), 106 Stat. 1419 (1992), codified at 16 U.S.C. § 1612 note (e).

The Forest Service defines "emergency situation" as

> A situation on National Forest System (NFS) lands for which immediate implementation of all or part of a decision is necessary for relief from hazards threatening human health and safety or natural resources on those NFS or adjacent lands; or that would result in substantial loss of economic value to the Federal Government if implementation of the decision were delayed.

36 C.F.R. 215.2.

In the Court's July Order, the Forest Service's implementation of the emergency stay provisions of the ARA were upheld in part and invalidated in part. The Court upheld as permissible the inclusion of "substantial loss of economic value" in the definition of "emergency situation." The Court found impermissible the Forest Service's delegation of emergency declaration authority to subordinates of the Chief of the Forest Service and also invalidated a provision that required notice of an appeal disposition to be sent to the appellant within the first five days of the fifteen-day stay period because the provision was not a "logical outgrowth" of the proposed rule. Docket No. 77 at 15–19.

The Forest Service has legitimate concerns regarding community and forest health and safety. The emergency stay provision is designed to allow the Forest Service to address these concerns as they arise. Via the emergency stay provision, the Forest Service has the authority to go forward with projects that are necessary to avoid irreparable harm from forest fires or other serious problems.

**II.     Injury to Plaintiffs**

Plaintiffs identify multiple potential irreparable harms that would befall them if stay pending appeal were granted. Plaintiffs' concerns are twofold. The first harm that they would suffer is denial of the opportunity to participate in Forest Service projects through notice, comment, and appeal procedures. Second, concomitant to the first concern, Plaintiffs fear that denial of the opportunity to participate could result in irreparable injury to the environment.

ORDER

Plaintiffs' concerns regarding ability to participate in the notice, comment, and appeal procedures are significant.  While in some instances these concerns could be abated by the ability to sue the Forest Service over specific projects, this is small comfort given the deferential standards courts often employ when evaluating agency decisions, and the potential for irreparable harm to the environment before and during a suit.  *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).  As the Supreme Court has observed, "[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of a long duration, i.e., irreparable.  If such injury is sufficiently likely, therefore, the balance of harms will usually favor . . . protect[ing] the environment."  *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 545 (1987); *see also Idaho Sporting Congress, Inc.,* 222 F.3d at 569 (quoting *Amoco*).  On balance, the Forest Service's concerns regarding irreparable injury, in light of the emergency stay provision, are outweighed by Plaintiffs' concerns about the inability to participate in decision making processes, and consequent potential harm to the environment.

**IT IS THEREFORE ORDERED:**

The Forest Service's motion for a stay pending appeal at **Docket No. 94** is **DENIED**.

Dated at Anchorage, Alaska, this 30  day of November 2005.

                                              /s/ James K. Singleton
                                          **JAMES K. SINGLETON, JR.**
                                          United States District Judge

ORDER